UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>GARY THOMPSON,<br><br>*Defendant.* | Crim. No.: 3:14-cr-00130-PGS<br><br>**ORDER AMENDING RESTITUTION** |

**THIS MATTER** is before the Court on Defendant Ara Mesropian's motion to amend his Judgment of Conviction to correct some inconsistencies with his and other co-defendants' restitution obligations. *United States v. Mesropian*, 3:11-cr-00512-PGS. (ECF No. 42). Those co-defendants are Eddie Dukhman,[1] Nicholas Freglette,[2] Frank Corallo,[3] Joshua Van Orden,[4] and Gary Thompson.[5] All defendants are hereinafter referred to as the "Defendants."

There are two inconsistencies among the Defendants' restitution. First, Mesropian and Freglette's Judgments contain an order of priority of restitution payment to victims as opposed to proportionate distribution. Second, Thompson's

---

[1] *United States v. Dukhman*, 3:12-cr-00317 (D.N.J. 2012)
[2] *United States v. Freglette*, 3:11-cr-00800 (D.N.J. 2011)
[3] *United States v. Corallo*, 3:11-cr-00669 (D.N.J. 2011)
[4] *United States v. Van Orden*, 3:13-cr-00097 (D.N.J. 2012)
[5] *United States v. Thompson*, 3:14-cr-00130 (D.N.J. 2014)

1

Judgment is jointly and severally liable with other defendants (Mesropian, Dukhman, Freglette, Corallo, and Van Orden); but Thompson is not listed as jointly and severally liable on the Judgments of the other defendants (Mesropian, Dukhman, Freglette, Corallo, and Van Orden)[6].

On May 10, 2023, the Court entered an order providing Defendants and all victims with notice of a hearing.[7] A telephonic conference was held on July 5, 2023. No objections were made to amending the Defendants' restitution as noted above.

Pursuant to Federal Rule of Criminal Procedure 36, upon appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005) (internal quotation marks and citations omitted). The error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (internal quotation marks and

---

[6] A separate orders will amend the restitution portion of each Judgment and be filed in each Defendant's docket.
[7] The victims identified in each defendant's restitution order were notified by way of the U.S. Department of Justice's Victim Notification System.

citation omitted). The errors here identified herein were inadvertently made and warrant correction under Rule 36.

**THEREFORE, IT IS** on this 1st day of August, 2023:

**ORDERED** that the first paragraph contained in the restitution order of Gary Thompson is deleted and replaced with the paragraph below.

> The defendant shall make restitution in the total amount of $3,523,839.35. The Court will waive the interest requirement in this case. Payments should be made to the U.S. Treasury and mailed to the Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

**ORDERED** that Gary Thompson, 14-cr-00130-PGS, is added to the restitution order of Frank Corallo, Nicholas Freglette, Ara Mesropian, Eddie Dukhman and Joshua Van Orden as a jointly and severally liable defendant; and it is further

**ORDERED** that the restitution obligation of Frank Corallo (Cr. No.: 11-00669-002); Nicholas Freglette (Cr. No.: 11-00800-001); Ara Mesropian (Cr. No.: 11-00512-001); Eddie Dukhman (Cr. No.: 12-00317-001); Joshua Van Orden (Cr. No.: 13-00097-001); and Gary Thompson (Cr. No.: 14-00130-001) shall not be affected by any restitution payments made by the other defendants, except that no further payment shall be required after the sums of the amounts actually paid by all

3

defendants has fully satisfied the losses identified in each defendant's restitution order; and

**ORDERED** that the Clerk is directed to adjust the Clerk's records to implement this Order.

                                                PETER G. SHERIDAN, U.S.D.J.

4